UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CURWOOD PRICE,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                   Case No. 1:10-CV-374

DUNCAN HOWARD, et al.,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Administrative Court Order. (Dkt. #46). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

In the present motion, Plaintiff asserts that he is experiencing difficulty obtaining "typing paper, writing tablets, carbon paper, pens, envelopes, and other necessary materials for maintaining access to the Court." Plaintiff requests that the Court issue an Order directing Defendants to provide him with the following items: (1) "ALL the necessary photocopies;" (2) 500 sheets of typing paper; (3) two writing tablets; and (4) "at least" 10 legal envelopes. Plaintiff requests that the Court "issue a fine of $10 per day against the MDOC for each day that Plaintiff is denied these above stated items." Plaintiff also requests that the Court order prison staff to "provide the Plaintiff with the means to have his typing ribbons re-inked at the facility." Plaintiff requests that the Court "issue a fine of $10 per day against the MDOC for each day that the Plaintiff is denied this service." The Court has interpreted Plaintiff's motion as a request for injunctive relief.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

While Plaintiff certainly enjoys the right, under the First Amendment, to access the courts he has failed to demonstrate that he has (or likely will) suffer a violation or impairment of that right. *See Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (to prevail on a claim for denial of access to the courts, Plaintiff must establish that he suffered "an actual litigation related injury or legal prejudice" because of Defendant's actions). Plaintiff has made no such showing. Plaintiff has

likewise failed to demonstrate that he will suffer irreparable harm in the absence of the relief he seeks. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Administrative Court Order, (dkt. #46), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 1, 2010         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge