UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD PRICE,

    Plaintiff,          Hon. Janet T. Neff

v.                  Case No. 1:10-CV-374

DUNCAN HOWARD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on <u>Plaintiff's Demand for Judgment</u>, (dkt. #50); and <u>Plaintiff's Motion for Default Judgment</u>, (dkt. #82). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be **denied**.

    Asserting that Defendants "have failed to plead an affirmative defense or otherwise defend themselves" in this matter, Plaintiff requests that the Court enter judgment in his favor. Defendants respond that the Court lacks the authority to grant Plaintiff's motion. In support of this assertion, Defendants rely on 42 U.S.C. § 1997e(g)(1), which provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

    Specifically, Defendants rely on the last sentence of the above provision for the proposition that "where a defendant has not responded to a civil rights complaint brought by a prisoner, the Court's sole power is to order the defendant to file a reply." While not explicitly stated, Defendants

appear to take the position that § 1997e(g)(1) provides immunity from default in § 1983 actions. The Court does not agree.

The Court certainly recognizes that "[u]nder the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply." *LaFountain v. Martin*, 2009 WL 4729933 at *4 (W.D. Mich., Dec. 3, 2009). The undersigned, however, agrees with the Honorable Paul L. Maloney that notwithstanding this provision, a defendant "can be defaulted for failing to follow a court order requiring him to respond to the complaint." *Id.*; *see also*, *Halpin v. David*, 2008 WL 5663943 at *2 (N.D. Fla., Dec. 8, 2008) ("[w]hile § 1997e(g) allows a Defendant to wait to respond until directed to do so. . .it is not accepted that § 1997e(g) permits a Defendant to ignore a court order directing a response").

On May 19, 2010, the Court ordered Defendants to "reply to the complaint by way of answer, motion to dismiss, or motion for summary judgment within the time allowed by law." Service was effected on all Defendants by May 24, 2010, thus making Defendants' answer due no later than June 14, 2010. Defendants did not request an extension of time to reply to Plaintiff's complaint. Defendants replied to Plaintiff's complaint on September 24, 2010, more than three months late. Despite Defendants failure to comply with the Court's Order directing them to timely reply to Plaintiff's complaint, the Court finds that Plaintiff is not entitled to default judgment.

First, Plaintiff cannot obtain a default judgment against Defendants because he has not first secured the entry of default against Defendants. *See Garrett v. Seymour*, 217 Fed. Appx. 835, 838 (10th Cir., Feb. 23, 2007) (recognizing that entry of a default under Rule 55(a) is a prerequisite to the

entry of a default judgment under Rule 55(b)). Even were the Court to ignore this procedural deficiency, the result would be the same.

Because Defendants have not failed to appear, default judgment cannot be entered by the Clerk, but instead is a matter for the Court to resolve. *See* Fed. R. Civ. P. 55(b); Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2683. Rule 55 does not articulate a standard by which motions for default judgment are to be evaluated. Rather, the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered. *See*, *e.g.*, *Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685). Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at *1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect. *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010). The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Rhinehart v. Scutt*, 2010 WL 3701788 at *8 (E.D. Mich., Aug. 16, 2010).

In light of the relevant facts and circumstances, the Court finds that default judgment is not appropriate in this in this matter. Defendants have not failed to participate in this matter. While Defendants did not timely reply to Plaintiff's complaint, they have participated in this matter and timely responded to other motions filed by Plaintiff. Plaintiff is seeking $32,000,000.00 (thirty-two million dollars) in damages. Considering that the parties dispute the central facts in this matter, awarding default judgment to a party seeking such an incredible amount in damages is not appropriate. Furthermore, Plaintiff has not been prejudiced by Defendants' conduct. In sum, the Court concludes that all relevant factors weigh against Plaintiff's request. Accordingly, the undersigned recommends that Plaintiff's request for default judgment be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Demand for Judgment, (dkt. #50), and Plaintiff's Motion for Default Judgment, (dkt. #82), both be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge