UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CURWOOD PRICE,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                           Case No. 1:10-CV-374

DUNCAN HOWARD, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Emergency Motion for Protective Order. (Dkt. #127). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

In his motion, Plaintiff asserts that he has recently been subjected to "indirect" retaliation by prison officials. Plaintiff asserts that prison officials have failed to respond to a grievance he filed. Plaintiff asserts that he is forced to sleep in an open dorm with thirty-two other prisoners. Plaintiff asserts that prison officials have rejected his requests to move to a different housing unit. Plaintiff asserts that he is not receiving adequate medical care to treat a rash from which he is suffering. Plaintiff asserts that he was improperly convicted of a misconduct violation. Plaintiff asserts that the facility in which he is presently housed has plans to discontinue serving kosher meals. Plaintiff has introduced no evidence to substantiate these allegations. Plaintiff does not request any particular form of relief, but instead states that "[u]nder these circumstances the Plaintiff will leave it up to the Court[']s sound discretion and judgment to fashion and order the type of relief necessary to protect Plaintiff from any

further physical harm as it relates to the herein above stated." The Court interprets Plaintiff's motion as a request for unspecified injunctive relief.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that any of his various allegations have merit or that he has suffered (or will suffer) any injury for which he has no legal remedy. Plaintiff has not established that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the

Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Emergency Motion for Protective Order</u>, (dkt. #127), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 26, 2011   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge