UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE, #220572

    Plaintiff,                                             Case No. 1:10-cv-374

v                                                      HON. JANET T. NEFF

DUNCAN HOWARD, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Plaintiff initiated this civil rights action on March 25, 2010, and filed emergency motions for injunctive relief. The motions were referred to the Magistrate Judge. On May 19, 2010, the Court issued an Order for Service, requiring Defendants to reply to Plaintiff's Complaint "within the time allowed by law" (Dkt 14). On July 14, 2010, Plaintiff filed a Demand for Judgment (Dkt 50), followed on September 17, 2010 by a Motion for Default Judgment (Dkt 82). On September 24, 2010, Defendants filed an Answer to Plaintiff's Complaint (Dkt 89). The Magistrate Judge issued a Report and Recommendation (R & R) on January 18, 2011, recommending that this Court deny Plaintiff's Demand for Judgment and deny Plaintiff's Motion for Default Judgment (R & R, Dkt 133). The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Pl. Obj., Dkt 139). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In Plaintiff's first two objections, Plaintiff appears to assert that the Magistrate Judge erred in finding that Plaintiff had failed to secure an entry of default against Defendants or alternatively, that any procedural error should be overlooked because Plaintiff is a pro se litigant (Dkt 139 at 1-4). Plaintiff first asserts that the Magistrate Judge erred in failing to provide Plaintiff with the "judicial solicitude" that is required for pro se litigants and that the Report and Recommendation references cases not available to Plaintiff in the prison law library (Dkt 139 at 1-3). Plaintiff asserts that "'pro se' prisoner pleadings are to be treated with liberality rather then [sic] technically," (Dkt 139 at 2), and that "Plaintiff needs for some of the procedural Rules to give way because of the fact of his unique circumstances of incarceration," (Dkt 139 at 3).

Plaintiff contends that "as a pro se prisoner litigant the plaintiff did in fact comply with all of the default requirements to the very best of his ability" (Dkt 139 at 3). Plaintiff asserts that he "specifically requested the Clerk to enter a default notice … and, the proper 'notice' was also in fact provided" (*id.*). He contends that he "cannot be responsible for what the Clerk of the Court does or does not do" (*id.*). Plaintiff notes that the Magistrate Judge issued an Order on August 31, 2010 directing Defendants to respond to Plaintiff's "default proceedings" and asserts that if the "default pleadings were defective" the Magistrate Judge should have dismissed them instead of ordering a response from Defendants (Dkt 139 at 4) (citing Dkt 68).

Plaintiff's objection is without merit. It is true that when reviewing Plaintiff's pro se complaint, the Court must read the complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1979), and the Supreme Court has "held that some procedural rules must give way because of the unique circumstances of incarceration." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). However, Plaintiff in this case does not seek a rule

interpretation to accommodate the logistics of incarceration, as in *Lack*, but instead asks that the Court excuse his failure to satisfy a clear procedural requirement. In any event, the Magistrate Judge properly determined that even if the failure to obtain an entry of default were overlooked, default judgment would still not be appropriate in this case (Dkt 133 at 3).

Plaintiff next objects that Defendants failed comply with the Court's order to file a responsive pleading until more than three months after it was due, a fact Plaintiff acknowledges was considered by the Magistrate Judge (Dkt 139 at 4). Plaintiff appears to argue that this entitles him to a default judgment because "Plaintiff's case would have been thrown out at the first violation of any deadline(s) within a matter of a few days" (Dkt 139 at 4). Plaintiff fails to provide any legal basis for this argument, or to show that it entitles him to relief. This objection is without merit.

In his remaining objections, Plaintiff appears to dispute the Magistrate Judge's analysis of the factors to determine whether default judgment is appropriate (Dkt 139 at 5-7). Plaintiff asserts that (1) although he is seeking $32,000,000 in damages, the Court can award any amount it deems appropriate (Dkt 139 at 5); (2) Plaintiff has been prejudiced by "the delay itself" because Plaintiff is terminally ill and "it is more than likely that he will not live long enough to see the end of this litigation . . . unless this Court rules that the Defendants have in fact defaulted," (*id.* at at 6); (3) Defendants have willfully defaulted, (*id.*); and (4) the Magistrate Judge erred in finding that the parties dispute the facts in this matter because "[t]he Court is not allowed to consider any pleadings by defendants that are filed several 'weeks' past the court ordered deadlines in an attempt to 'correct' or 'subvert' a default proceedings [sic] filed by the plaintiff in the case" (*id.* at 7).

Plaintiff's objections are without merit. The Magistrate Judge properly observed that "'the party making the request is not entitled to a default judgment as of right'" and that a determination

3

as to whether to enter a default judgment is left to the sound discretion of the Court (Dkt 133 at 3) (quoting *Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-cv-847, 2010 WL 1655536, at *1 (N.D. Ohio, Apr. 22, 2010)). The Magistrate Judge properly identified the relevant factors that the Court may consider in its analysis (Dkt 133 at 3).

Plaintiff acknowledges that the damages amount considered by the Magistrate Judge was accurate, and Plaintiff's contention that the Court could have awarded a lesser amount fails to establish error in the Magistrate Judge's analysis and recommendation (Dkt 139 at 5). In addition, the Magistrate Judge properly noted that Defendants "have participated in this matter and timely responded to other motions filed by Plaintiff" (Dkt 133 at 4). In the six months between the filing of the Complaint and the Defendants' Answer, numerous motions were filed, including several emergency motions requesting injunctive relief.[1] During this time, Plaintiff was appointed counsel, a status conference was held, a Rule 16 scheduling conference was scheduled and subsequently cancelled, and Plaintiff's attorneys were allowed to withdraw. In light of the federal court policy favoring trials on the merits, which was considered in the Magistrate Judge's analysis, (Dkt 133 at 3), the Magistrate Judge properly concluded that default judgment was not appropriate in this case (*id.* at 4).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

---

[1]*See* Dkts 3, 4, 10, 15, 24, 31, 32, 34, 42, 46, 50, 51, 61, 64, 71, 82.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 139) are DENIED and the Report and Recommendation (Dkt 133) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Demand for Judgment, (Dkt 50) and Plaintiff's Motion for Default Judgment, (Dkt 82) are DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Opinion and Order would not be taken in good faith.


Dated: March 31, 2011 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge