UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

    Plaintiff,

v

DUNCAN HOWARD, et al.,

    Defendant.

_____/

Case No. 1:10-cv-374

HON. JANET T. NEFF

## AMENDED OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 in which Plaintiff alleges claims against eight prison health care and administrative defendants, alleging (1) Defendants' interference with Plaintiff's medications and failure to protect Plaintiff from other inmates violated Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment; (2) Defendants subjected him to retaliatory transfers, ignoring his medical disabilities and religious beliefs; and (3) Defendants conspired to commit the Eighth Amendment violations. Defendants filed a motion for dismissal and partial summary judgment[1] (Dkt 116), arguing that any of Plaintiff's claims based on events occurring more than three years before the filing date of Plaintiff's complaint were barred by the statute of limitations and that other claims against Defendants Olson and Kihm should be dismissed based on Plaintiff's failure to exhaust administrative remedies.

---

[1] Defendants' motion is titled "Defendants' Motion for Dismissal Based on Failure to Commence Suit Within Applicable Period of Limitations and Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies."

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion. Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Magistrate Judge recommended dismissal of all claims against Defendants Duncan Howard, Laura Heinritz, and Prison Health Services, and Plaintiff's conspiracy claims, for failure to state a claim upon which relief may be granted. Finally, dismissal of all claims against Defendant John Doe was recommended for failure to effectuate proper service in violation of FED. R. CIV. P. 4(m).

The matter is presently before the Court on Plaintiff's lengthy objections to the Report and Recommendation (Dkt 181). Defendants have filed a Response to Plaintiff's Objection (Dkt 187). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Amended Opinion and Order.

Plaintiff's voluminous objections to the Magistrate Judge's Report and Recommendation seem to articulate three primary objections: (1) the statute of limitations set forth by the Magistrate Judge does not actually bar any of Plaintiff's claims; (2) the Magistrate Judge applied an improper pleading standard to Plaintiff's complaint; and (3) the denial of discovery to remedy any deficiencies in the complaint was improper.

Plaintiff's first objection concerning the statute of limitations seems to state only that none of Plaintiff's claims were based on events occurring before October 15, 2008 (Dkt 181 at 4). Plaintiff does not appear to object to the statute of limitation set forth by the Magistrate Judge, so the objection effectuates no change and is therefore denied.

Next, Plaintiff argues the Magistrate Judge erred in applying a more stringent standard regarding factual allegations contained in the complaint than required by FED. R. CIV. P. 8(a) (Dkt 181 at 2). The Magistrate Judge correctly applied the proper pleading standard. The allegations contained in Plaintiff's complaint and subsequent objection to the Report and Recommendation, even if accepted as true, fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937, 1949 (2009). Plaintiff's conspiracy claims, considering the allegations set forth in the complaint and the additional information and evidence provided in Plaintiff's objection, still fail to allege facts sufficient to satisfy the elements of the offense, as articulated by the Magistrate Judge. Additionally, it appears the "clarifying" information Plaintiff provides in his objection under the "In Relation to the Assaults and Failure to Protect" heading concerns defendants against whom these specific causes of action have not been dismissed (Dkt 181 at 4-5). As the Magistrate Judge noted, the Supreme Court has recently clarified the standard for dismissal based on failure to state a claim under *Iqbal's* plausibility standard:

> This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(R & R, Dkt 173 at 15.) The Magistrate Judge properly found that the claims at issue failed to meet this standard.

Finally, Plaintiff objects on the grounds that dismissal of any claims in advance of discovery is improper (Dkt 181 at 13). Plaintiff's conclusory statement that he provided a description of the items that he would seek in discovery is not supported by the remainder of his objection (Dkt. 181 at 13). Plaintiff's claims must demonstrate at least a "reasonably founded hope that the [discovery]

3

process will reveal relevant evidence." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741 (1975); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007) (citing *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps*); *see also, e.g., Basat v. Caruso,* No. 07-13332, 2008 WL 4457828, at *9 (E.D. Mich. Sept. 30, 2008) (unpublished opinion applying the standard from *Twombly*). Plaintiff's conclusory statements do not satisfy this burden. Plaintiff's objections to the dismissal of certain claims for failure to state a claim are denied.

Further, there is nothing to indicate that discovery would cure the particular defects in the causes of action against Defendants Olson and Kihm, in that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997(e)(a). With regard to the exhaustion issue, the Magistrate Judge concluded that, based on the evidence, Plaintiff's Grievance NCF 10-01-00148-012d was properly rejected because Plaintiff failed "to attach thereto a copy of the Step I grievance" (Dkt 173 at 12). Although Plaintiff appears to indicate in his Objections that he did in fact attach the required copy (Dkt 181 at 11), the grievance rejection states that the Step I form was not attached (*id.* at 35), and Plaintiff's mere submission of the Step I form at this juncture does not show that the submission was necessarily made with his Step III grievance, i.e., "attached thereto."

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 181) are DENIED and the Report and Recommendation (Dkt 173) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the "Defendants' Motion for Dismissal Based on Failure to Commence Suit Within Applicable Period of Limitations and Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies" (Dkt 116) is GRANTED; specifically: (1) Plaintiff's failure to protect claims asserted against Defendants Howard, Doe, Heinritz, Olson, and Kihm (arising from the 2003 and August 11, 2005 incidents described in the Report and Recommendation) are dismissed for failure to comply with the relevant statute of limitations; and (2) Plaintiff's retaliation and conspiracy claims against Defendant Olson and Defendant Kihm are dismissed without prejudice for failure to properly exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Howard, Heinritz, and Prison Health Services are dismissed for failure to state a claim on which relief may be granted; Plaintiff's remaining conspiracy claims are dismissed for failure to state a claim on which relief may be granted; Plaintiff's claims against John Doe are dismissed without prejudice for failure to effect timely service.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith.


Dated: September 28, 2011              /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge