UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOOD L. PRICE,

    Plaintiff,

v

DUNCAN HOWARD, et al.,

    Defendants.

_____/

Case No. 1:10-cv-374

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged violations of Plaintiff's Eighth Amendment rights regarding his medical treatment. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant in part, deny in part, and dismiss as moot in part Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 238). Defendants have also filed a brief in response to Plaintiff's objections (Dkt 244). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Having fully considered the arguments before it, the Court denies the objections and issues this Opinion and Order.

Plaintiff first argues that the Magistrate Judge "has in fact committed serious error in the R & R where she stated that Defendant Hubble's only involvement was in a grievance response and that Plaintiff offered no evidence to the contrary" (Pl. Obj., Dkt 238 at 1; R & R, Dkt 216 at 10).

Plaintiff contends that his November 10, 2008 Grievance demonstrates that "it was in fact Defendant Hubble who **FIRST** denied the Plaintiff his ordered Eye Medications … " (Pl. Obj., Dkt 238 at 2). The referenced grievance, however, is merely signed by Defendant Hubble and states no claims against her (Ex. A, Dkt 238-1).

Plaintiff also argues that he initiated his December 11, 2008 Grievance because Defendant Hubble denied him his prescribed medication (Pl. Obj., Dkt 238 at 2). This Grievance confirms the established fact that Defendant Hubble interviewed Plaintiff regarding another grievance and alleges that Defendant Hubble lied to Plaintiff during the interview (Ex. B, Dkt 238-2). The Grievance does not, however, allege that Defendant Hubble took active steps to deny Plaintiff medication.

As the Magistrate Judge noted, Defendant Hubble has submitted an affidavit averring that her only involvement was to interview Plaintiff regarding a grievance he filed (R & R, Dkt 216 at 10). No evidence submitted by Plaintiff contradicts this averment. The Magistrate Judge correctly applied the summary judgment standard to determine that Defendant Hubble cannot be found liable under § 1983 for denying a grievance or failing to respond to information in a grievance (*id.*). Plaintiff's arguments to the contrary are without merit, and his objection is therefore denied.

Plaintiff also argues that "the Court has in fact already Ruled on" Defendants' Motion for Summary Judgment, citing this Court's September 27, 2011 Opinion and Order (Dkt 188) (Pl. Obj., Dkt 238 at 2). That Opinion and Order, however, was amended on September 28, 2011 (Dkt 189) to reflect the fact that Defendants' Motion to Dismiss (Dkt 116) was being granted and not the Motion for Summary Judgment (Dkt 161). Further, as Defendants point out in their response, the September 27 Opinion and Order did not address Defendant Hubble's status in the case (Defs. Resp., Dkt 244 at 1). Plaintiff's argument is without merit, and his objection is therefore denied.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 238) are DENIED and the Report and Recommendation (Dkt 216) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 161) is GRANTED in part, DENIED in part, and DISMISSED as moot in part, for the reasons stated in the Report and Recommendation; specifically, Defendant Howard's and Defendant Heinritz's motions for summary judgment are dismissed as moot; Plaintiff's retaliation claims against Defendants Hubble and VanDyke are dismissed for failure to state a claim; Defendant VanDyke's motion for summary judgment as to Plaintiff's Eighth Amendment claims is denied; Defendant Hubble's motion for summary judgment as to Plaintiff's Eighth Amendment claims is granted; and Plaintiff's Rule 56(d) motion for stay is denied.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: April 5, 2012         /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge